Filed 5/4/16  P. v. Poole CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JUAN LATREZ POOLE II,<br><br>    Defendant and Appellant. | D067249<br><br><br><br>(Super. Ct. No. SCS274807) |

APPEAL from a judgment of the Superior Court of San Diego County, Dwayne K. Moring, Judge.  Affirmed.

Janice R. Mazur, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Randall E. Einhorn and Peter Quon, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

Juan Latrez Poole II appeals a judgment of conviction for unlawfully taking a vehicle and grand theft of a vehicle.  Poole contends the trial court erred in denying his

request to represent himself at trial pursuant to *Faretta v. California* (1975) 422 U.S. 806 (*Faretta*). We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In September 2014, three men parked their company's van outside of a restaurant and left the keys in it while they went inside for lunch. (Undesignated date references are to the year 2014.) While eating, the men saw an unfamiliar male get into the van and drive away. A good Samaritan followed the van to a nearby motel. Police eventually apprehended Poole for the crime.

The People charged Poole with unlawful taking and driving of a vehicle, grand theft of a vehicle, and possessing less than 28.5 grams of marijuana. The People also alleged that Poole had four probation denial priors and a prison prior for computer fraud, auto theft, and grand theft of a vehicle. The People ultimately dismissed the marijuana charge.

Between October 3 and November 26, Poole requested new counsel three times pursuant to *People v. Marsden* (1970) 2 Cal.3d 118. After hearings on the matters, the trial court denied all three motions. On December 3, the day set for trial to commence, Poole requested to represent himself. The court provided Poole a form "Acknowledgment Regarding Self-Representation and Waiver of Right to Counsel." After Poole completed the form, the trial court reviewed it and engaged in a discussion with Poole regarding its contents.

When the court inquired as to whether Poole understood the consequences of representing himself, Poole repeatedly stated that he believed he was being forced to

2

represent himself as a result of his counsel's inadequacies. Poole explained that his counsel had not provided him with transcripts and court minutes and had not obtained certain evidence despite his requests that she do so. Poole suggested that he was willing to have a different attorney.

In response to the court's inquiries, Poole confirmed that he understood the charges against him and potential penalties. When the court informed Poole that he would be governed by the same rules as an attorney, Poole stated that he understood, but was not versed in the law and was not familiar with jury instructions or how to present them. Poole also questioned how he would be able to bring forth exculpatory evidence that had been "neglected" in the case given that trial was scheduled to proceed that day.

When the court inquired as to whether Poole was ready to proceed with trial that day, Poole responded that he was "ready to go," but went on to state that he was requesting an evidentiary hearing because "there's many issues with the evidence that's being presented in this case that was not acquired and does not meet the Evidence Code."

The trial court denied Poole's *Faretta* motion, noting Poole was unfamiliar with the law and jury instructions, his request was based on his dissatisfaction with his attorney, and his attorney was ready to proceed with trial. The trial court also found the motion was untimely as it was made on the day set for trial.

## DISCUSSION

Under the Sixth Amendment of the United States Constitution, defendants have a right to represent themselves in criminal trials. (*Faretta*, *supra*, 422 U.S. at p. 819.) A trial court must grant a defendant's motion for self-representation if the request is

3

knowing, intelligent, unequivocal, and timely, that is, made within "a reasonable time prior to the commencement of trial." (*People v. Lynch* (2010) 50 Cal.4th 693, 721, 722.) A knowing, intelligent, and unequivocal motion made after this period is addressed to the sound discretion of the trial court. (*People v. Clark* (1992) 3 Cal.4th 41, 98 (*Clark*).) In exercising its discretion, the court should consider factors such as "quality of counsel's representation of the defendant, the defendant's prior proclivity to substitute counsel, the reasons for the request, the length and stage of the proceedings, and the disruption or delay which might reasonably be expected to follow the granting of such a motion." (*People v. Windham* (1977) 19 Cal.3d 121, 128, 129 (*Windham*).)

Motions for self-representation made just prior to the start of trial are not timely. (*People v. Scott* (2001) 91 Cal.App.4th 1197, 1205; *Clark*, *supra*, 3 Cal.4th at pp. 99-100 ["eve of trial" self-representation request was within the court's discretion to deny]; *People v. Burton* (1989) 48 Cal.3d 843, 852-853 [*Faretta* request was clearly directed to the trial court's discretion where the case had been called for trial, both counsel had answered ready, and defendant asserted he needed unspecified period for preparation]; *People v. Moore* (1988) 47 Cal.3d 63, 80-81 [*Faretta* motion on the day trial was set to begin would be well within the court's discretion to deny even though the trial was continued beyond that date]; *People v. Hill* (1983) 148 Cal.App.3d 744, 757-758 [*Faretta* motion made five days before trial was untimely]; *People v. Ruiz* (1983) 142 Cal.App.3d 780, 791 [*Faretta* motion made six days before trial was untimely].)

Poole argues the trial court erred in denying his motion based on his purported unfamiliarity with the law. While "a trial court may not measure a defendant's

4

competence to waive his right to counsel by evaluating the defendant's 'technical legal knowledge' [citation] or his ability to represent himself." (*People v. Doolin* (2009) 45 Cal.4th 390, 454), defendant's motion must be timely. The court properly found Poole's request for self-representation was untimely because Poole made it on the date the case was set for trial. Significantly, there is no indication that Poole tried to make a *Faretta* request at any point prior to the date set for trial, including at the time the trial court denied any of his three *Marsden* motions. Where a *Faretta* motion is untimely, it is addressed to the "sound discretion of the trial court." (*Windham*, *supra*, 19 Cal.3d at p. 128.)

The trial court properly evaluated factors weighing against granting Poole's *Faretta* motion, including that Poole had been displeased with his attorney and his request to represent himself was based on that dissatisfaction. (*Windham*, *supra*, 19 Cal.3d at p. 128.) The trial court also noted that Poole's counsel was ready to proceed with trial. Poole argues the trial court improperly considered his counsel's level of preparedness. However, given Poole's request for an evidentiary hearing to resolve "many issues with the evidence," we infer that the trial court was contrasting counsel's readiness to proceed with trial versus Poole's readiness. The court noted that allowing Poole to represent himself at that point would require additional time for preparation and investigation. Potential disruption or delay that may result from granting a *Faretta* motion is a proper consideration. (*Windham*, at pp. 128-129.) In sum, the *Windham* factors militated against granting Poole's untimely request to represent himself in propria

5

persona.  We therefore affirm the trial court's denial of the *Faretta* motion as within the court's discretion.

DISPOSITION

The judgment is affirmed.

McINTYRE, J.

WE CONCUR:


McCONNELL, P. J.


HUFFMAN, J.